IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KELVIN W. SELLARS,                )<br>                                                 )<br>         Petitioner,                      )<br>                                                 )<br>                                                 )     1:18CV956<br>      v.                                        )<br>                                                 )<br>ERIK A. HOOKS,                       )<br>                                                 )<br>         Respondent.                   ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket Entry 1.) Respondent filed an answer (Docket Entry 4), a motion for summary judgment (Docket Entry 5), and a brief in support (Docket Entry 6). Petitioner then filed a response to the motion for summary judgment (Docket Entry 9) and a motion to amend (Docket Entry 10). This matter is now ready for a ruling.

### Background

Petitioner is serving a lengthy sentence in state prison for a variety of crimes committed in the late 1970's and early 1980's, including second degree rape, second degree kidnapping, assault with a deadly weapon with intent to kill inflicting serious bodily injury, and multiple

counts of armed robbery.[1]  (Docket Entry 1 at 11-12, 40.)  He filed a federal habeas petition in the Eastern District of North Carolina in December of 1999.  (Docket Entry 6, Ex. 1.)  In it, Petitioner argued that he was being held in prison beyond the date on which he was eligible for parole because his parole eligibility date had been miscalculated and he had not been credited for his good/gain time.  (*Id.*)  The petition was denied in 2001 and his appeal was unsuccessful.  (*Id.*, Exs. 3-6.)

In 2014, Petitioner filed a "Petition for Writ of Habeas Corpus" in Wake County Superior Court, also arguing that his parole eligibility and maximum release dates were incorrectly calculated.  (Docket entry 1 at 46.)  It was denied in 2015, denied again on reconsideration in 2017, and denied again on reconsideration in 2018.  (*Id.* at 47, 51.)  Petitioner next filed a "Motion to Appeal" in the North Carolina Court of Appeals on February 16, 2018, and it was denied on February 21, 2018.  (*Id.* at 52.)  Petitioner next filed a petition for discretionary review in the Supreme Court of North Carolina on March 2, 2018, which was denied on March 5, 2018.  (*Id.* at 53.)

Petitioner also states in the instant Petition that he sought permission in "a United States Court of Appeals" to file a second or successive habeas petition challenging "incorrect calculations," but this was denied.  (*Id.* at § 10(b).)  Petitioner also filed a pleading in this Court on July 11, 2018, which the Court construed as a petition for habeas corpus under 28 U.S.C.

---

[1] The North Carolina Department of Public Safety, Offender Public Information web page states that Petitioner was convicted of these crimes between 1978 and 1981 and was sentenced to a "Total Incarceration Term" of 185 years and a "Projected Release Date" of "02/19/2054." *See* https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0362752&searchLastName=sellars&searchFirstName=kelvin&searchMiddleName=w&listurl=pagelistoffendersearchresults&listpage=1. This record also lists twenty-five prior disciplinary infractions between 1979 and 2010 which might also account for changes in Petitioner's parole eligibility date. (*Id.*)

2

§ 2241, and which was dismissed on August 23, 2018 without prejudice to refile on the proper forms. (Case No. 1:18-cv-00617, Docket Entries 1-2, 4.) Petitioner then filed the instant petition on the proper forms on November 15, 2018. (Docket Entry 1.)

 A.  **The instant petition should be dismissed as second or successive.**

Second or successive habeas claims brought by state prisoners pursuant to § 2254 require pre-filing authorization from the court of appeals, and failure to obtain such authorization divests the district court of jurisdiction over the claims. 28 U.S.C. § 2244(b)(3)(A); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). Although Petitioner purports to bring his petition under § 2241, the Fourth Circuit has held that "regardless of how they are styled, federal habeas petitions of prisoners who are in custody pursuant to the judgment of a State court should be treated as applications under [§] 2254 for purposes of § 2244(b), even if they challenge the execution of a state sentence. Therefore, those petitions are subject to the second-or-successive authorization requirement set forth in § 2244(b)(3)." *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016) (internal quotations omitted).

Here, Petitioner is currently a prisoner of the State of North Carolina. Thus, he must obtain pre-filing authorization from the Fourth Circuit to raise claims in the current petition that are considered "second or successive." 28 U.S.C. § 2244(b)(3)(A); *Wright*, 826 F.3d at 779. A claim challenging the execution of a sentence is second or successive where the "claim[ ] [was] available to the petitioner at the time of a prior petition's filing." *Wright*, 826 F.3d at 784 (citing *McCleskey v. Zant*, 499 U.S. 467, 489 (1991)).

Petitioner's claims are second or successive. For example, Petitioner's first five claims are that (1) Respondent never calculated a projected release date of 165 years and ignored the

law that sentence reduction credits reduce the minimum of forty years, (2) the 1998 change in procedures resulting from *Robbins v. Freeman*, 127 N.C. App. 162 (1997), *aff'd*, 347 N.C. 664 (1998), as to how to apply sentence reduction credits, violated Petitioner's rights; (3) Petitioner's sentences were never re-calculated properly after he was informed in 1998 that paper paroles were statutorily illegal, (4) his minimum and maximum sentences were erroneously re-calculated, (5) enactment of the OPUS prison number system and computer system in the 1990's rendered Petitioner's parole eligibility and sentence calculation dates incorrect.[2] (Docket Entry 1, Grounds One through Five.) All these claims were, or could have been, brought in Petitioner's 1999 federal habeas petition, in which he argued that he was being held in prison beyond the date on which he was eligible for parole because his parole eligibility date had been miscalculated and he had not been credited for his good/gain time. Therefore, all these claims are second or successive.[3]

Petitioner's next two claims are also second or successive. In claim six, Petitioner contends the state habeas court erred by not correcting the errors in parole eligibility dates and

---

[2] OPUS—a management information system that helps correction employees manage offenders—was instituted in North Carolina prisons in the mid-1990's. *See* https://www.doc.state.nc.us/mis/history.htm (North Carolina Department of Public Safety's history of OPUS). Issues involving OPUS therefore could have been raised in the 1999 habeas petition.

[3] *See, e.g.*, *In re Wright*, 826 F.3d 774, 784 (4th Cir. 2016) ("The claims raised in Wright's proposed petition were clearly available to him before he filed prior applications. His first three claims are based on the argument that he should be treated as a Fair Sentencing Act ("FSA") inmate, rather than a Structured Sentencing Act ("SSA") inmate, for purposes of credit, parole determination, and honor-grade classification. But the SSA became effective October 1, 1994, two years before Wright was sentenced in 1996."); *Meades v. Phelps*, No. CIV.A.07-223-GMS, 2008 WL 4365924, at *3 (D. Del. Sept. 24, 2008) (unpublished) ("Hence, the court concludes that the instant petition constitutes a second or successive petition within the meaning of 28 U.S.C. § 2244 because the factual predicate for the good-time credit claim could have been asserted in Meades' 1988 habeas petition.").

sentence credit reduction dates.[4] (Docket Entry 1 at 18-20.) In claim seven, Petitioner contends that the North Carolina Court of Appeals and North Carolina Supreme Court did not correct the errors in Petitioner's parole eligibility dates and sentence reduction dates. (*Id.*) These are simply reiterations of Petitioner's claims that his parole eligibility date was incorrect and that he failed to receive earned good time/gain time credit.[5] (*Id.* at 20.)

Petitioner's arguments to the contrary are not persuasive. In his response to Respondent's motion for summary judgment, Petitioner lists cases decided by the North Carolina appellate courts over the past twenty-five years. (Docket Entry 9 at 4-6.) He states that "he agrees with the [sentence] calculations of the North Carolina Department of Corrections, the Parole Commission and the Courts" set forth in these cases, but states further that Respondent "refuse[d] to apply the correct calculations on Petitioner[s] sentence." (*Id.* at

---

[4] In claim six Petitioner also contends that he was not provided a fair and impartial hearing during the state superior court habeas corpus proceedings. If Petitioner is trying to raise this issue as a separate claim, it is non-cognizable in a federal habeas proceeding. *See Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008) ("[B]ecause Lawrence's due-process claims relate only to the MAR court's adjudication of his state post-conviction motion, we are without power to consider them."); *Holden v. Clarke*, No. 2:14CV616, 2016 WL 8261739, at *6 (E.D. Va. Jan. 12, 2016) (unpublished) (citing *Branker* for the proposition that "the Court may not consider a challenge to an error committed during . . . state habeas corpus proceedings"), *report and recommendation adopted*, 2016 WL 8261740 (E.D. Va. Feb. 18, 2016) (unpublished), *dismissed*, 669 F. App'x 130 (4th Cir. 2016).

[5] *See Berry v. Kauffman*, 208 F. Supp. 3d 676, 679–80 (E.D. Pa. 2016) ("Petitioner's first two claims—that he was denied a parole hearing, and that the state courts erred in dismissing claims based on this denial—are simply a new take on Petitioner's previous argument, raised in his 2002 habeas petition, that his plea was involuntary because he was misled into believing that he would be eligible for parole. Petitioner responds that he could not have raised these claims until his parole denial, but again, he raised essentially the same claims years earlier. Accordingly, Petitioner's claims do not challenge a new judgment or sentence, and instead merely attack the administration of Petitioner's sentence based on facts previously known to Petitioner. This renders the petition successive, and this Court is without jurisdiction to consider it."); *Shockley v. Phelps*, 769 F. Supp. 2d 725 (D. Del. 2011) (concluding that dismissal was warranted of second or successive claims asserted in petitioner's habeas application, alleging state courts erred in failing to recognize that true length of his life sentence for first-degree rape was 45 years less his good time credits, absent indication that Court of Appeals had authorized filing of second or successive application).

5

4.)   Petitioner asserts that "[t]he law Petitioner was sentence[d] under is the direct applicable law that Respondent's must apply reduction credit to." (*Id.* at 3.)  However, as explained, Petitioner was sentenced in the late 1970's and early 1980's and either raised, or could have raised, the various miscalculations he asserts in his prior federal habeas petition filed in 1999.[6]

Petitioner has also filed a motion to amend.  In it, Petitioner again contends that the essence of his claims are that the Respondent has "refuse[d] to use the statutory release provisions in effect at the time of Petitioner's crimes, convictions and sentencing." (Docket Entry 10 at 1.)  Once again, this issue was raised—or could have been raised—in Petitioner's 1999 federal habeas petition and consequently that claim, raised anew or for the first time, is second or successive.  Perhaps sensing this, Petitioner next asserts that this Court may review second or successive claims "when required to do so by the ends of justice." (Docket Entry 10 at 1.)  This is not the law, however.  As explained above, second or successive habeas claims require pre-filing authorization from the court of appeals, and failure to obtain such authorization divests the district court of jurisdiction over the claims. 28 U.S.C. § 2244(b)(3)(A); *Winestock*, 340 F.3d at 205.  Because Petitioner's claims are second or successive, and because he has not obtained authorization to proceed with them, this Court lacks jurisdiction over the instant Petition and it should be dismissed.

---

[6] Petitioner also challenges the jurisdiction of the Eastern District of North Carolina to decide his 1999 federal habeas petition, which he asserts should have been decided in the Middle District of North Carolina. (Docket Entry 9 at 1-2.)  Although convicted in the Middle District of North Carolina, Petitioner has failed to demonstrate that he was not housed in the Eastern District of North Carolina when he filed his federal habeas petition in 1999.  *See* 28 U.S.C. § 2241(d) ("Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.").

In his motion to amend, Petitioner also apparently seeks to make additional argumentation about one or more of the claims raised above, and to raise new theories about his allegedly erroneously calculated parole eligibility date and erroneously calculated good time/gain time credits. (Docket Entry 10.) These new claims assert that the aforementioned miscalculations violate the Equal Protection Clause, the Due Process Clause, and the Eight Amendment's prohibition against cruel and unusual punishment. (Docket Entry 10 at 1-6.) The Court will grant Petitioner's motion to amend and has considered all the claims and argumentations contained therein. Nevertheless, the purported "new" claims are all second or successive. This is because Petition's proposed amendments do no more than reargue again his contention that both his parole eligibility date and his good time/gain time credits were erroneously calculated. (*Id.*) All this could have been, or was, argued in Petitioner's 1999 federal habeas petition. All of Petitioner's claims and amended claims are second or successive. The Petition should be dismissed for lack of jurisdiction.

## Conclusion

The Petition should be dismissed. Neither the appointment of counsel, nor an evidentiary hearing, nor discovery are warranted. This decision has no effect on Petitioner's right to seek permission from the Fourth Circuit to file a second or successive petition.

**IT IS THEREFORE ORDERED** that Petitioner's motion to amend (Docket Entry 10) be **GRANTED.**

**IT IS THEREFORE RECOMMENDED** that Respondent's motion for summary judgment (Docket Entry 5) be **GRANTED**, that the Petition (Docket Entry 1), as amended, be **DISMISSED** for failure to apply to the United States Court of Appeals for the Fourth

Circuit for an order authorizing this district court to consider the current amended petition as is required by 28 U.S.C. § 2244, and that Judgment be entered dismissing this action.

_____
Joe L. Webster
United States Magistrate Judge

June 19, 2019
Durham, North Carolina